DA 07-0387

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 372N

MBNA America Bank,

      Plaintiff, Counter-Defendant and Appellee,

  v.

JULIE TRAMELLI,

      Defendant, Counter-Plaintiff and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDV 06-557
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael R. Tramelli, Attorney at Law, Great Falls, Montana

      For Appellee:

          Clifton Rodenburg, Erin Zasada; Johnson, Rodenburg & Lauinger,
Fargo, North Dakota

          Dirk Larsen; The Larsen Law Firm, Great Falls, Montana

Submitted on Briefs:  April 24, 2008

Decided:  November 10, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Julie Tramelli (Tramelli) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its findings of fact, conclusions of law and order confirming an arbitration award in favor of MBNA America Bank (MBNA) and denying Tramelli's motion to vacate the award. We affirm.

¶3     The issue on appeal is whether the District Court erred in confirming the arbitration award.

¶4     Tramelli opened a credit card account with MBNA in November of 1999. A subsequent amendment to the terms and conditions of the credit agreement provided that all claims or disputes between the parties would be resolved by binding arbitration. Tramelli eventually defaulted on her obligation to pay the amount due on the card. MBNA "charged off" the past due amount for accounting purposes, but continued its efforts to collect on the account. MBNA ultimately initiated an arbitration proceeding and provided notice to Tramelli of the proceeding. Tramelli did not respond to the notice of arbitration and the arbitrator entered an award in favor of MBNA in the amount of $26,956.54. Notice of the arbitration award was served on the parties by mail on February 22, 2006.

¶5 In April of 2006, MBNA petitioned the District Court to enter an order confirming the arbitration award. Tramelli filed a response generally denying the allegations in the petition and raising a counterclaim alleging MBNA engaged in fraud in obtaining the arbitration award. She also moved the District Court to impose M. R. Civ. P. 11 sanctions against MBNA and its attorney, alleging they filed the petition knowing there was no basis in law or fact for the action. The District Court deemed Tramelli's answer and counterclaim to be a § 27-5-312(1)(a), MCA, application to vacate the arbitration award on the basis it was procured by corruption, fraud or other undue means.

¶6 The parties eventually filed cross-motions for summary judgment and the District Court held an evidentiary hearing. The court then entered its findings of fact, conclusions of law and order confirming the arbitration award, denying Tramelli's motion to vacate the award and also denying her motion for Rule 11 sanctions. The court entered judgment and Tramelli appeals. Tramelli asserts that various of the District Court's findings of fact are clearly erroneous because they are not supported by substantial evidence of record and, as a result, its conclusions based on those facts are incorrect.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there clearly is sufficient evidence to support the District Court's findings of fact, the issues are clearly controlled by settled Montana law which the court correctly interpreted and there clearly was no abuse of judicial discretion.

¶8     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS